JAMES SULLIVAN, AN INFANT BY HIS NEXT FRIEND, CECELIA SULLIVAN, PETITIONER-APPELLEE, v. JOHN KOMOROWSKI, RESPONDENT-APPELLANT.

Hudson County Court
Law Division

Decided June 11, 1954.

*Messrs. Cruden & Fitzpatrick,* attorneys for petitioner-appellee (*Mr. Francis G. Fitzpatrick* appearing).

*Messrs. Schneiderman & Newman,* attorneys for respondent-appellant (*Mr. Samuel A. Schneiderman* appearing).

PROCTOR, J. S. C.   This is an appeal by the employer from an award made by the Deputy Director of the Division of Workmen's Compensation in favor of the petitioner employee. The award was based on a finding that the employee, a minor under the age of 18 years, was injured while employed in an occupation prohibited to such a minor by the labor laws. *R. S.* 34:15–10; *R. S.* 34:2–21.17; *R. S.* 34:15–12.

The employer, in connection with his trucking business, was engaged in selling reconditioned steel drums. Most of these drums, characterized as "factory rejects," were purchased from their manufacturers. Much of the repair work was accomplished by means of welding.

The employee was born November 27, 1935. On June 24, 1952, while working for the employer, the employee was injured when the heat from a torch used by him in welding a drum caused an explosion of the fumes therein.

There was evidence showing that the employer's son, who had worked as a welder in his father's plant, was inducted into the Navy in January 1952, and that the petitioner employee shortly thereafter was engaged as a welder in the

son's place; that at the time of the employment the employer advised petitioner to obtain working papers and to state therein that he was to be employed as a "driver's helper." The petitioner had completed a six-month course in welding at the local high school. He testified that he welded drums at the request and in the presence of the employer; that the employer saw him so occupied 10 or 12 times daily. Two friends of petitioner employee testified they visited him at the employer's place of business and saw him welding drums in the presence of the employer.

The employer testified that the petitioner employee was employed to help the truck drivers and to test drums; that he never told him to weld drums nor did he ever see him so engaged. Further, that his brother did all the necessary welding. The brother testified that he was the welder in the plant and that the petitioner employee's duties was to assist him in testing the drums. However, he also testified:

"Q. Now, did Mr. Sullivan (petitioner) do any actual welding in front of you? A. Yes, sir.

Q. What did he do? A. He welded drums and cans, fooling around.

Q. And was John Komorowski (employer) ever there when he did that? A. Well, I don't recall, to tell you the truth. I swore on the Bible to tell the truth. I couldn't tell you.

Q. Did you ever tell Mr. Sullivan that he should not do any welding? A. No. But I wouldn't say nothing to John. I didn't want the kid to get in trouble.

Q. And how many times would you say you saw him do that in your presence? A. Oh, quite a few times. As a matter of fact, as to how to weld, he watched me; how to put the goggles on, and all that, and I was showing him."

One of the employer's truck drivers testified that whenever he saw the petitioner in the act of welding he warned him not to meddle with the welding equipment; that he had never seen the petitioner welding in the presence of the employer.

The court finds that the petitioner has sustained the burden of proof that he was working at welding as part of

his employment with the knowledge of his employer. It is significant that the employer was in and about the premises a great part of the time. Indeed, he testified that he was "away from that Plant on the average of maybe one hour a day." It is difficult to believe that the employer did not have knowledge of the type of work that the employee was performing. The court agrees with the conclusion of the deputy director when he says, "1 am satisfied from all the testimony before me that the petitioner was engaged as a welder in this garage welding second hand drums when the explosion occurred."

The employer's second point is that "welding is not prohibited to minors between sixteen and eighteen years of age." *R. S.* 34:2–21.17 provides:

"No minor under eighteen years of age shall be employed, permitted or suffered to work in, about, or in connection with the following: * * * ore reduction works, smelters, hot rolling mills, furnaces, foundries, forging shops, or any other place in which the heating, melting, or heat treatment of metals is carried on; * * *."

It would appear from the above statute that a person within the proscribed age is prohibited from working in a place where the "heat treatment of metals is carried on." Certainly the welding of steel drums comes within the category of "heat treatment of metals" and the Legislature never intended that this work requiring the use of a gas torch and goggles be entrusted to a boy under 18 years of age.

The employer's final contention is that there is no statutory authority for the allowance of attorney's fees. (A similar contention regarding medical expenses was abandoned.) *R. S.* 34:15–10 provides:

"* * * If the injured employee at the time of the accident * * * is * * * a minor between fourteen and eighteen years of age employed, permitted or suffered to work * * * at an occupation prohibited at the minor's age by law, a compensation * * * shall be payable to the employee * * * which shall be double the amount payable under the schedules provided in sections 34:15–12 and 34:15–13 of this Title."

*R. S.* 34:15–64 provides that the official "conducting any hearing under this chapter may, in his discretion, allow to the party in whose favor judgment is entered * * * a reasonable attorney fee, not exceeding twenty per centum (20%) of the judgment; * * *."

It will be noted that the section relating to double awards for minors and the section authorizing an allowance of attorney's fees are parts of the same chapter. *R. S.* 34:15–1 *et seq.* (workmen's compensation). It will be thus seen that the statute (*R. S.* 34:15–64) expressly provides for the allowance of an attorney's fee in cases coming within the provisions of the statute, including *R. S.* 34:15–10.

For the above reasons the judgment of the Division of the Workmen's Compensation Court is affirmed.

An appropriate order may be presented.